[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11388
_____

D.C. Docket No. 4:17-cv-00128-MW-CAS

JAMES MICHAEL HAND,
JOSEPH JAMES GALASSO,
HAROLD W. GIRCSIS, JR.,
CHRISTOPHER MICHAEL SMITH,
WILLIAM BASS,
JERMAINE JOHNEKINS,
YRAIDA LEONIDES GUANIPA,
JAMES LARRY EXLINE,
VIRGINIA KAY ATKINS,

                                        Plaintiffs - Appellees,

versus

RON DESANTIS, in his official capacity as Governor of Florida and member of the State of Florida's Executive Clemency Board,
ASHLEY MOODY, in her official capacity as the Attorney General of Florida and member of the Executive Clemency Board,
NICOLE FRIED, in her official capacity as Commissioner of Agriculture and member of the Executive Clemency Board,
JIMMY PATRONIS, in his official capacity as Chief Financial Officer and member of the Executive Clemency Board,

                                        Defendants - Appellants.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(January 10, 2020)

Before ED CARNES, Chief Judge, BRANCH, Circuit Judge, and GAYLES,[*] District Judge.

BRANCH, Circuit Judge:

The Executive Clemency Board of the State of Florida (the "Board") appeals the district court's orders (1) denying in part its motion for summary judgment; and (2) permanently enjoining Florida's former system for re-enfranchising convicted felons. James Hand and eight other convicted felons (collectively, "Hand") asserted that the former system—which involved state constitutional, statutory, and regulatory provisions—facially violated their First and Fourteenth Amendment rights. On cross-motions for summary judgment, the district court granted Hand's motion on three of four counts,[1] and in a separate order issued permanent injunctions prohibiting the Board from enforcing the then-current vote-restoration

---

[*] Honorable Darrin P. Gayles, United States District Judge for the Southern District of Florida, sitting by designation.

[1] The district court granted Hand's motion and denied the Board's motion with respect to Count One (unfettered discretion in the re-enfranchisement process violates the First Amendment), Count Two (unfettered discretion violates the Fourteenth Amendment), and Count Three (lack of time limits in processing the re-enfranchisement petitions violates the First Amendment). The district court denied Hand's motion for summary judgment and granted the Board's motion for summary judgment on Count Four (challenging the five- and seven-year waiting periods before applying for restoration of voting rights). Count Four is not before us in this appeal.

system and ending all vote-restoration processes, *inter alia*.[2] After granting a motion for stay, we heard oral argument as to the merits of the Board's appeal. On November 6, 2018, Florida voters amended their state constitution by referendum vote as it concerns the re-enfranchisement of convicted felons.[3] And on July 1, 2019, Florida's legislature revised its statutory scheme for re-enfranchisement,[4] thus setting into motion a new system for vote restoration. Under the new system, Hand and his fellow plaintiffs claim they are eligible to seek restoration of their voting rights.

We have jurisdiction to reach the merits of a case only where there is an active controversy. "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the

---

[2] Additionally, the district court directed the Board to promulgate new criteria for vote-restoration within thirty days of the court's order and reconsider applicants who had been denied restoration since the time of the court's first order on cross-motions for summary judgment.

[3] Fla. Const. art. VI, § 4(a) (amended 2018) ("[A]ny disqualification from voting arising from a felony conviction shall terminate and voting rights shall be restored upon completion of all terms of sentence including parole or probation.").

[4] The legislature amended Fla. Stat. § 944.292(1) by adding the following sentence: "Notwithstanding the suspension of civil rights, such a convicted person may obtain restoration of his or her voting rights pursuant to s. 4, Art. VI of the State Constitution and s. 98.0751." The legislature also enacted Fla. Stat. § 98.0751, which in the part relevant here, subsection (1), states: "A person who has been disqualified from voting based on a felony conviction for an offense other than murder or a felony sexual offense must have such disqualification terminated and his or her voting rights restored pursuant to s. 4, Art. VI of the State Constitution upon the completion of all terms of his or her sentence, including parole or probation."

plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *World Wide Supply OU v. Quail Cruises Ship Mgmt.*, 802 F.3d 1255, 1259 (11th Cir. 2015) (quoting *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001)).

In light of the changes to Florida's voter re-enfranchisement system since this case began, we no longer have the ability to accord Hand meaningful relief from the former system which he challenged. In supplemental briefing following oral argument, both parties concede that each individual plaintiff is eligible to seek re-enfranchisement under Florida's new system. Thus, no plaintiff requires relief from Florida's former re-enfranchisement system. We therefore hold that this case is moot.

Accordingly, the district court's order on cross-motions for summary judgment dated February 1, 2018 is **VACATED** as to Counts One, Two, and Three. The district court's order directing entry of judgment dated March 27, 2018 is hereby **VACATED** in its entirety.[5] This case is hereby **REMANDED** with

---

[5] Hand requests we vacate our prior stay-panel opinion, *Hand v. Scott*, 888 F.3d 1206 (11th Cir. 2018). The Supreme Court in *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39–41 (1950), held that a circuit court should vacate as moot a district court's order where the case becomes moot pending appeal. Such vacatur is necessary, the Court reasoned, in order to prevent a district court's judgment from "spawning any legal consequences." *Id.* at 41; *see generally U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18 (1994) (addressing whether "appellate courts in the federal system should vacate civil judgments of *subordinate courts* in cases that are settled after appeal is filed") (emphasis added). But *Munsingwear* does not address what a circuit court must do with its own prior stay order when a case has become moot. Hand cites to several of our cases which he asserts are on point but which are not. *See*

instructions to **DISMISS** for mootness.

---

*Ethredge v. Hail*, 996 F.2d 1173, 1177 (11th Cir. 1993) (vacating a district court's judgment); *Dow Jones & Co., Inc. v. Kaye*, 256 F.3d 1251, 1258–59 (11th Cir. 2001) (same); *Atlanta Gas Light Co. v. F.E.R.C.*, 140 F.3d 1392, 1404 (11th Cir. 1998) (vacating a federal agency's orders); *Vann v. Citicorp Sav. of Ill.*, 891 F.2d 1507, 1509 (11th Cir. 1990) (vacating a prior jurisdiction-panel order where the merits panel made an opposite determination on the jurisdictional question). The Fourth Circuit, however, addressed this issue squarely in *F.T.C. v. Food Town Stores, Inc.*, 547 F.2d 247, 249 (4th Cir. 1977), and expressly declined to vacate its own prior order granting a stay after the case became moot. The court reasoned that "[a]n order granting a stay . . . is not a final adjudication of the merits of the appeal," and therefore it "has no res judicata effect and the rationale of the Munsingwear doctrine thus is inapplicable." *Id.* at 249. We find the Fourth Circuit's reasoning persuasive and hereby adopt it and decline to vacate our prior stay-panel opinion. By contrast, the Tenth Circuit in *McClendon v. City of Albuquerque*, 100 F.3d 863, 868 n.1 (10th Cir. 1996), vacated its own prior order granting a stay without adequate explanation and is thus unpersuasive. As well, the D.C. Circuit's action in *United States v. Schaffer*, 240 F.3d 35 (D.C. Cir. 2001) (*en banc*), is inapposite as that court vacated prior merits-panel judgments which had *res judicata* effect.

5